COPY

SCANNED

IN CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

GRADY EARL BRYANT, SR. Individually
And on behalf of his minor daughter, ▓▓▓ E.B
▓▓▓▓▓▓                                                        **PLAINTIFFS**

VERSUS                                              NO. ___10-0109___

CITY OF WAVELAND, JAMES A. VARNELL,
JOHN SALTERELLI, EDDIE BESSE, ERIC LOVELESS
MIKE PRENDERGAST, Individually and in their
official capacities as police officers with the City of
Waveland and JOHN DOES A-Z                          **DEFENDANTS**

## COMPLAINT

COMES NOW, the Plaintiffs, GRADY EARL BRYANT, SR., Individually and on behalf of his minor daughter, E▓▓▓ B▓▓▓▓, by and through his attorneys, TIM C. HOLLEMAN, of BOYCE HOLLEMAN & ASSOCIATES and files his Complaint against the Defendants, CITY OF WAVELAND, JAMES A. VARNELL, JOHN SALTERELLI, EDDIE BESSE, ERIC LOVELESS, and MIKE PRENDERGAST Individually and in their official capacities as police officers with the City of Waveland, and in support hereof would state unto the Court, to wit:

### JURISDICTION

1. This is an action at law to redress the deprivation, under color of statute, custom or usage, of a right, privilege and immunity secured to Plaintiff, Grady Earl Bryant, Sr., by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 USC §1983 and arising under the constitution and laws of the State of Mississippi. This Court has jurisdiction over both the federal law and state law claims as stated herein.

**EXHIBIT**

_____A_____

FILED

MAR - 2 2010

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

*PARTIES*

2. During all times mentioned in this Complaint, Plaintiff, Grady Earl Bryant, Sr. was a citizen of the United States of America residing in Hancock County, Mississippi.

3. Defendant, The City of Waveland, Waveland, Mississippi (the "City"), is a municipality organized and existing under the laws of the State of Mississippi. This Defendant may be served with process by delivering a copy of the Summons and Complaint to its Mayor John "Tommy" Longo, 407 Highway 90, Waveland, Mississippi 39201.

4. Defendant, James A. Varnell, at all relevant times was acting individually and as a police officer for the City of Waveland, Mississippi. He may be served with process by delivering a copy of the Summons and Complaint to him at his business address, Waveland Police Department, 628 Highway 90, Waveland, Mississippi 39209 or wherever he may be found.

5. Defendant, Assistant Chief of Police Mike Prendergast, at all relevant times was acting individually and as a police officer for the City of Waveland, Mississippi. He may be served with process by delivering a copy of the Summons and Complaint to him at his business address, Waveland Police Department, 628 Highway 90, Waveland, Mississippi 39209 or wherever he may be found.

6. Defendant, Officer Eric Loveless, at all relevant times was acting individually and as a police officer for the City of Waveland, Mississippi.  He may be served with process by delivering a copy of the Summons and Complaint to him at his business address, Waveland Police Department, 628 Highway 90, Waveland, Mississippi 39209 or wherever he may be found.

7. Defendant, Officer Eddie Besse, at all relevant times was acting individually and as a police officer for the City of Waveland, Mississippi. He may be served with process by delivering a copy of the Summons and Complaint to him at his business address, Waveland Police Department, 628 Highway 90, Waveland, Mississippi 39209 or wherever he may be found.

8. Defendant, Officer John Salterelli, at all relevant times was acting individually and as a police officer for the City of Waveland, Mississippi. He may be served with process by delivering a copy of the Summons and Complaint to him at his business address, Waveland Police Department, 628 Highway 90, Waveland, Mississippi 39209 or wherever he may be found.

9. Defendants, John Does A-Z, are potentially unknown employees of the City of Waveland, Mississippi and/or the State of Mississippi who may have also been involved in the incidents that are the basis of this Complaint but the extent and nature of their involvement is unknown.

*SUMMARY OF THE CLAIMS AND FACTS*

10. Grady Earl Bryant, Sr. (hereinafter referred to as "Bryant") is an adult resident citizen of Hancock County, Mississippi. He resides at 17176 Gardenia Street, Kiln, Mississippi with his family.

11. During the time pertinent hereto, Grady E. Bryant, Sr. did not reside in the City of Waveland and his residence was not located within the corporate boundaries of the City of Waveland. He minor daughter, E███ B████ resided with him and their residence was 17176 Gardenia Street, Kiln, Mississippi and located within Hancock County, Mississippi but outside the corporate limits of the City of Waveland.

12.   On or about September 5, 2008, officers of the Waveland Police Department left the corporate limits of the City of Waveland and traveled to Bryant's residence at 17176 Gardenia Street, Kiln, Hancock County, Mississippi.

13.   Bryant's residence at 17176 Gardenia Street was located in Kiln, Hancock County, Mississippi and is not within the corporate limits of the City of Waveland.

14.   Said Defendants, JOHN SALTERELLI, EDDIE BESSE, ERIC LOVELESS, and MIKE PRENDERGAST, of the Waveland Police Department had not been deputized by the Hancock County Sheriff, nor commissioned by any other law enforcement agency to act outside the municipal limits of the City of Waveland.  At all times relevant hereto said Defendants, JOHN SALTERELLI, EDDIE BESSE, ERIC LOVELESS, and MIKE PRENDERGAST, were with the knowledge and at the instructions of the Defendant.

15.   That said Defendants at the times pertinent hereto had no jurisdictional authority to act as law enforcement officers outside the corporate limits of the City of Waveland.

16.   The Chief of Police for the City of Waveland, James A. Varnell, (hereinafter referred as "Varnell") knew that the officers under his control and direction had no jurisdictional authority to act as a law enforcement officer outside the corporate limits of the City of Waveland.

17.   Before September 5, 2008, the City of Waveland through its Chief of Police, James A. Varnell, was specifically advised by the Sheriff of Hancock County, Mississippi that their officers had no authority to serve arrest warrants outside the corporate limits of the Defendant, City of Waveland.

18.   In fact, on or before August 8, 2008, Varnell, issued a policy and procedure to his officers which stated that "personnel only has jurisdictional authority in the City of Waveland.  Therefore, it is illegal for Waveland Police Department to go out of the City Limits of the City of Waveland for any kind of police action....You are not able to assist with MBN, CNET, DEA or other state or federal agency in the county".  The acts, customs, and policies of the City of Waveland amounted to deliberate indifference to the Plaintiffs' constitutional rights and proximately caused his injuries as alleged herein.  The City of Waveland, by and through its Chief of Police, instituted and supported customs and policies which permitted their police officers to arrest the Plaintiffs without authority of law and in violation of the laws of the State of Mississippi and/or  through its Chief, failed to adequately train and supervise the officers as alleged herein.

19.     Despite above referenced written policy and long established Mississippi law to said effect, Varnell was aware of, authorized and acquiesced in officers of the City of Waveland taking illegal actions outside the jurisdiction of the corporate limits of the City of Waveland on or about September 5, 2008, which proximately caused injury and damages to Bryant.

20.     On September 5, 2008, the Defendants, officers of the City of Waveland Police Department left the corporate limits of the City of Waveland to serve warrants issued by the Municipal Court of the City of Waveland but to be served outside the corporate limits of the City of Waveland.

21.     Said Defendants, JOHN SALTERELLI, EDDIE BESSE, ERIC LOVELESS, and MIKE PRENDERGAST, with the knowledge and at the direction of Defendant,

JAMES A. VARNELL, went to the property and residence of Bryant but had no lawful warrant for anyone living at said address and had no lawful search warrant issued by any Court to enter and/or search the property and residence of the Plaintiff, Bryant. Said officers were heavily armed with handguns, automatic rifles, and tasers.

22.     At approximately 7:00 am, Bryant and his daughter were present in their home with three grandchildren, age 1 month, 1 year, and 2 years old.  Bryant's pet dog was at his side in his home.  Bryant was sitting on his couch feeding his 1 month old grandchild, when he heard loud banging and yelling at his door, which could not be understood.

23.     As he was trying to get up off the couch and place his 1 month old grandchild down to attempt to answer the backdoor, the door suddenly and without warning flew open and someone attempted to open the screen/glass door.

24.     Bryant's pet dog being alarmed by the sudden, unexpected and uninvited intrusion to Bryant's home began to bark to protect his family including the Plaintiff, Bryant.   Bryant made his way to his back door and was met with a screaming unidentified male pointing a gun in his face.

25.     The unidentified male demanded Bryant step out the back door.  Bryant asked to be allowed to secure his dog, which was understandably barking and growling at this unidentified male threatening Bryant.  The unidentified man just kept screaming loudly to step out the door then the man opened the screen/glass door allowing his pet dog to escape.

26.     Despite being upset and disturbed by their actions, Mr. Bryant complied with unidentified male's order to step out the door but kept asking what they wanted and

requested to see a warrant and/or any authority they had to be on his property, threatening him in the manner he was being threatened.

27.   Bryant was ordered down his steps barefoot and he complied with their unlawful orders.  He was ordered to get control of his dog (which the officer had released) and he attempted to do so but because of yelling of these officers and threats being made he was unable to do so.  Bryant was repeatedly told to shut up and threatened when he asked why they were doing this, why they were there and whether they had any warrants.  He was ordered to place his hands behind his back and he attempted to comply with said order.  Suddenly, without warning, he was attacked, grabbed by his throat and forced on his back onto the steps of his trailer where one of the officers continued to choke him to the point he felt he was going to pass out.  One of the officers then shot and injured Bryant's pet dog, which the other officer had refused to allow Bryant to put up when the officer had opened the door allowing the dog outside in the first place.  As a result of the assault and battery upon the Plaintiff, he suffered injury and damages as will be more fully shown hereinafter.

28.   Said officers, the Defendants herein, placed Bryant in handcuffs and falsely arrested and imprisoned him without a warrant or other lawful order or probable cause to arrest him.

29.   Said officers then entered and searched Bryant's home without a search warrant or other lawful authority to enter his home, kicked in a door, assaulted his 15 year old daughter, E̲.̲B̲.̲, by pushing her over the back of a couch and in front of Bryant's two (2) granddaughters and the 1 month old baby.

30.   Subsequently, it was learned that the Defendants had an arrest warrant to serve on a neighbor located at: 17196 Gardenia Street, Kiln, Mississippi and not 17176 Gardenia Street, Kiln, Mississippi, which is Plaintiffs' residence.  Said arrest warrant was issued by the Municipal Court of the City of Waveland and the Defendants had gone to the wrong residence.

31.   Said Defendants in order to cover their errors, then filed false police reports, gave false statements about their actions against the Plaintiffs and maliciously filed a false charge against the Plaintiff.

32.   Fortunately for the Plaintiffs, the Defendants had invited WLOX news reporters to observe their actions in a "roundup" and WLOX videotaped the entire incident which clearly showed the Defendants' actions including proof that the Defendants had made false police reports, gave false statements and filed false charges against the Plaintiff to cover their actions.

33.   On or about February 2, 2009, the false criminal charge of disorderly conduct was dismissed after the prosecutor was able to view the WLOX videotape.

*COUNT I - 42 USC §1983 CLAIMS*

34. Plaintiff re-alleges all allegations contained in the preceding paragraphs.

35. The assault upon the Plaintiffs and unlawful arrest of the Plaintiff conducted by the City of Waveland and pursued by the Defendants acting under color of State law was wrongful, malicious and unwarranted.

36. The Defendants, the City and the police officers or investigators involved knew, or should have known, at the time of the arrest, based upon all of the evidence before them, that there was neither probable cause nor any need to arrest the Plaintiff,

Bryant, or to assault his minor daughter. The excessive force in placing a chokehold on Bryant, taking him down on steps from behind, handcuffing Bryant at all, especially so severely as to injure his wrists, and improperly transporting him to the police station were improper and not consistent with any need on the part of the City or its police department to detain or arrest one who clearly had committed no crime.

37. The Defendants, the City and its police officers involved acted willfully, knowingly and purposefully with the specific intent to deprive Bryant and his minor daughter of his rights to freedom from illegal seizure of his person, freedom from unlawful arrest without evidence and support thereof, and freedom from illegal or unlawful detention and imprisonment and use of excessive force. All of these rights are secure to the Plaintiff by the provisions of the due process clause of the Fourth and Fourteenth Amendments of the Constitution of the United States and by 42 U. S. C. 1983 barring illegal or unlawful arrests.

38. In arresting, choking, throwing to the steps, threatening, using excessive force, improperly cuffing, improperly transporting, incarcerating, and falsely charging Bryant, the City and its police officers involved knew or should have known that they were violating these constitutional rights, both United States and Mississippi's, as set forth in the preceding paragraphs.

39. Defendant City failed to train, discipline and supervise its police officers adequately, said failure resulting in the violation of Plaintiff's constitutional rights.

40. Defendant City has the ministerial, non-delegable duty to insure that its city police department is operated in a fashion that protects the constitutional rights of people within its jurisdiction and it has failed in performing that duty in this instance.

41. Plaintiff sustained damages as a direct result of the actions of the City and its police officers as hereinafter stated.

### COUNT II - STATE ACTION AT COMMON LAW

42. Plaintiff, individually and on behalf of his minor daughter, re-alleges all previous allegations pertinent to a claim at common law for wrongful arrest, false imprisonment, assault and battery, malicious prosecution, and an abuse of legal process together with intentional infliction of emotional stress.

43. Defendant City and its police officers involved failed to exercise due care and failed to analyze properly the facts clearly known to them and, by doing so, violated Plaintiff's rights at Common law and rights under the Mississippi Constitution through their wrongful arrest, false imprisonment and abuse of legal process without justification and for no proper purpose.

44. Bryant sustained damages as a direct result of the actions of the City and its police officers for which the City is liable involved as hereinafter stated.

### COUNT III - MISSISSIPPI TORT CLAIMS

45. Alternatively, Plaintiff re-alleges all necessary previous allegations pertaining to a claim under Mississippi Torts Claims Act, Miss. Code § 11-46-1 to 11-46-23 necessary to its claim.

46. Defendant City and its police officers involved did intentionally and with wrongful purpose cause Bryant to be arrested on September 5, 2008, without a lawful purpose as stated aforesaid.

47. Proper notice of the claim was hand-delivered to the City as reflected by letter dated March 6, 2009, affixed hereto as Exhibit "A".

48. The actions of the City and its police officers involved, as a result of that wrongful arrest, false imprisonment, assault and battery, and malicious abuse of legal process, constituted negligence and reckless disregard to the safety and well-being of Plaintiff and of his Federal and State constitutional rights.

49. The City's failure and the failure of its individual police officers involved to analyze properly the circumstances prior to Bryant's arrest, as well as their failure to follow the law, constitute willful and intentional acts, negligence, and a complete and reckless disregard to the health, safety and well-being of Plaintiff and of his Federal and State constitutional rights.

50. Defendants are liable to Plaintiff in damages for the maximum amount allowed under the Mississippi Tort Claims Act.

## LIABILITY OF INDIVIDUAL DEFENDANTS

51. Plaintiffs re-allege all of paragraphs 1 through 50 above as each pertains to the actions of Defendants and presently unknown police officers here designated as John Does A through Z.

52. Defendant police officers, known and unknown, are guilty of assault and battery, false arrest, false imprisonment and malicious prosecution of Bryant.

53. As a direct result of this assault, battery, illegal arrest, and false imprisonment, Plaintiff suffered the damages stated herein.

*DAMAGES*

54. As a direct and proximate result of the actions of the Defendants, Bryant has suffered temporary and permanent physical injuries; past, present and future medical expenses.  Plaintiff's minor daughter also suffered injury and damages as will be more fully shown the trial of this matter.

55. He continues to have physical pain and mental anguish, more particularly relating to the injuries.

56. Plaintiff is entitled to recover of and from the Defendants.

Respectfully submitted, this the 2nd day of March, 2010.

GRADY EARL BRYANT, SR. Individually
And on behalf of his minor daughter, ▮▮▮ E . B.
▮▮▮▮, Plaintiffs

BY AND THROUGH THEIR ATTORNEYS
OF RECORD

BOYCE HOLLEMAN & ASSOCIATES

By: _____
        TIM C. HOLLEMAN

Tim C. Holleman (MSB #2526)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Avenue – Boyce Holleman Boulevard
Gulfport, Mississippi  39501
Telephone (228) 863-3142
Facsimile (228) 863-9829
tim@boyceholleman.com



*Boyce*
**HOLLEMAN & ASSOCIATES**
*A Professional Association    Attorneys at Law*
*Since 1950*

SCANNED

March 6, 2009

Mayor John "Tommy" Longo
City of Waveland
407 Highway 90
Waveland, MS 39576

City Clerk
City of Waveland
407 Highway 90
Waveland, MS 39576

James A. Varnell
Chief of Police
City of Waveland
628 Highway 90
Waveland, MS 39576

Stephen B. Simpson
Commissioner of Public Safety
P. O. Box 958
Jackson, MS 39205

Marshall Fisher, Director
Mississippi Bureau of Narcotics
6090 I-55 South Frontage Road
Jackson, MS 39273

*<u>VIA CERTIFIED MAIL</u>*
*<u>TO ALL ADDRESSEES</u>*

Re: NOTICE OF CLAIM - Grady Earl Bryant, Sr.

Dear Sirs:

Pursuant to Section 11-46-1, *et seq.*, Mississippi Code of 1972 as amended, I hereby give notice of the claim of Grady Earl Bryant, Sr., 17176 Gardenia Street, Kiln, MS.

<u>Statement of the Facts</u>

On September 5, 2008, Plaintiff, Grady Earl Bryant, Sr., was residing in his home located at 17176 Gardenia Street, Kiln, Mississippi. Bryant's residence is located in Hancock County, Mississippi and is not within the corporate limits and/or jurisdiction of the City of Waveland. During the early morning hours of September 5, 2008, the Defendants, John Salterelli, Eddie Besse, Eric Loveless and Mike Prendergast came to the residence and trespassed upon the property of Bryant. At all times pertinent hereto, the Defendants, John Salterelli, Eddie Besse, Eric Loveless and Mike Prendergast, were law enforcement officers commissioned in the City of Waveland, Mississippi. Said Defendants, John Salterelli, Eddie Besse, Eric Loveless and Mike Prendergast, had no authority of law to act as law enforcement officers outside the corporate limits of the City of Waveland, Mississippi. In fact, approximately one month prior to September 5, 2008, Chief James A. Varnell issued a policy to the Waveland Police Department acknowledging that officers of the City of Waveland Police Department had no authority of law to act as a law enforcement officer outside the corporate limits of the City of Waveland. It directed that said officer not assist any other law enforcement agencies outside the corporate limits of the City of Waveland and, specifically, Hancock County, Mississippi.



*Jesse Boyce Holleman*
*1924-2003*

*Tim C. Holleman*
*tim@boyceholleman.com*

*L. Dean Holleman*
*dean@boyceholleman.com*

*D. Jeffrey White*
*jeff@boyceholleman.com*

1720 23rd Avenue • Boyce Holleman Blvd. • Gulfport, MS 39501 • P.O. Drawer 1030 • Gulfport, MS 39502
Office: 228-863-3142 • Toll Free: 1-888-863-3140 • Fax: 228-863-9829 • www.boyceholleman.com

Page 2
Notice of Claim – Grady Bryant
March 6, 2008

Despite knowledge of the law and specific policy advising the Defendants they had no authority of law to act as a law enforcement officer outside the corporate limits of the City of Waveland, the Defendant, Chief James A. Varnell, allowed his officers to act contrary to said policy and law by leaving the corporate limits of the City of Waveland and assaulting and arresting Bryant in Kiln, Mississippi. Additionally, despite said policy and knowledge of the law, Defendants, James A. Varnell, John Salterelli, Eddie Besse, Eric Loveless and Mike Prendergast, violated both the written policy and law by going to the residence of Bryant on September 5, 2008, outside the corporate limits of the City of Waveland without authority to do so. At all times pertinent hereto, the Defendants did not possess a lawful warrant to arrest any person on Bryant's property or go onto or otherwise search the property owned or occupied by Bryant. At all times pertinent hereto, the Defendants had no lawful authority under the law to arrest any person on Bryant's property or go onto or otherwise search the property owned or occupied by Bryant.

Bryant heard loud banging and screaming at his back door, which could not be understood. Suddenly and without warning, his back door flew open, and he heard further screaming and hollering. At the time, he had his small grandchild in his arms and attempted to get up and place his grandchild in a safe place. His pet dog, a pit bull dog, was inside the home and was barking and growling to protect his family from the loud banging and screaming. Bryant went to the glass screen door and saw a man pointing a gun and screaming repeatedly for Bryant to come out. Bryant tried to explain he needed to put up his dog, who was barking and growling at the man threatening its owner. The man would not listen and kept screaming. Suddenly and without warning, the man opened the back door releasing Bryant's pet pit pull dog to the outside. Bryant complied with the man's unlawful commands and directions (later believed to be identified as Defendant, Eddie Best) and came out of his home. Bryant repeatedly asked what they were doing, who they were looking for, and if they had a warrant. Bryant was repeatedly told to "shut up." Bryant was threatened not only with a gun but was verbally assaulted and threatened with physical violence by these Waveland Police Officers.

Despite such threats, Bryant complied with all of the commands, but was suddenly and without warning grabbed and choked by the neck and pulled down on the back steps of his home. Bryant was choked for several minutes, then handcuff and roughly pulled to his feet, where he was berated and threatened by these Waveland Police Officers. At all times pertinent hereto, these Waveland Police Officers had no authority of law; no lawful authority to arrest or assault Bryant based upon any lawfully issued arrest warrant; or no probable cause that an criminal offense was occurring or about to occur and/or no criminal offense had occurred in their presence. Defendants then shot and injured Bryant's dog which the Defendants had released from Bryant's home and had refused to allow Bryant to put up before opening the door and allowing him to escape.

Defendants later claimed they had a warrant for the arrest of a person identified as "Daniel McColley" at 17176 Gardenia St., Kiln, MS, which is Bryant's residence. The residence of "Daniel McColley" was 17196 Gardenia St., Kiln, MS and not Bryant's residence being 17176 Gardenia St., Kiln, MS. After the unlawful assault, battery and arrest of Bryant, Defendant, Eric Loveless, willfully and maliciously filed a false affidavit on oath with the Justice Court of Hancock County, Mississippi charging Bryant with disorderly conduct pursuant to Section 97-

Page 3
Notice of Claim - Grady Bryant
March 6, 2008

35-7, Mississippi Code of 1972. Additionally, said Defendant, Eric Loveless, made and filed false and malicious statements with the Hancock County Sheriff's Department and Waveland Police Department concerning the incident. The Defendant, Eddie Bess, Jr., made and filed false and malicious statements with the Hancock County Sheriff's Department and Waveland Police Department concerning the incident. The Defendant, John Saltarelli made and filed false and malicious statements with the Hancock County Sheriff's Department and Waveland Police Department concerning the incident.

Bryant was assaulted without authority of law and falsely and maliciously arrested by officers of the Waveland Police Department acting within the scope and course of their employment with the City Waveland and the State of Mississippi by and through the Mississippi Bureau of Narcotics while Bryant was lawfully at his residence in Hancock County, Mississippi. Bryant's arrest was conducted unnecessarily, without probable cause, by numerous police officers and with the use of unnecessary force. Following the arrest, Bryant was brutally choked and handcuffed and taken to the Police Station. The assault, arrest and detainment of Bryant were illegal, wrongful and false. Bryant had committed no crime, and there was no need for any excessive force to be administered against him.

At all times pertinent, the police officers and personnel involved on behalf of the City of Waveland were acting as individuals and within their official scope and course of employment by the City of Waveland and under direction of the State of Mississippi through it Bureau of Narcotics and under color of State law. The actions and conduct of the City of Waveland, its police officers, the State of Mississippi through the Mississippi Bureau of Narcotics, and other personnel constituted a false or wrongful arrest and imprisonment. Said actions and conduct deprived Bryant of his rights, privileges and immunities secured by the United States Constitution, Federal criminal statutes while acting under color of law, the Mississippi Constitution, and the laws of Mississippi and caused him to sustain severe injury and damages, as will be more fully shown at the trial of this civil action. The improper actions and conduct of the City of Waveland and its police officers and the State of Mississippi were performed as a result of policies and customs of the City of Waveland and the State of Mississippi with knowledge on the part of its police personnel that their actions would not be properly monitored by supervisory personnel and that any misconduct would not be investigated or sanctioned but would be tolerated. The actions and conduct of the City of Waveland, its police officers, the State of Mississippi and other personnel reflect a deliberate indifference of the rights of the public and are so egregious that they rise to the level of an intentional wrong.

The arrest conducted by the City of Waveland and pursued by its police officers acting under color of State law was wrongful, malicious and unwarranted. At the time of the arrest, the City of Waveland, the police officers or investigators involved knew, or should have known, based upon all of the evidence before them, that there was neither probable cause or any need to arrest Bryant. The excessive force in grabbing Bryant by the neck, pulling him down on the steps, and handcuffing him, especially so severely as to injure his neck, back and wrists, and threatening him by pointing a loaded weapon at his face and at him and improperly transporting him to the police station, were improper and not consistent with any need on the part of the City of Waveland or its police department to detain or arrest one who clearly had committed no crime. The City of Waveland and its police officers involved acted willfully, knowingly and

Page 4
Notice of Claim - Grady Bryant
March 6, 2008

purposefully with the specific intent to deprive Bryant of his rights to freedom from illegal seizure of his person; freedom from unlawful arrest without evidence; freedom from assault and injury and support thereof; and freedom from illegal or unlawful detention and imprisonment. All of these rights are secure to Bryant by the provisions of the due process clause of the Fourth and Fourteenth Amendments of the Constitution of the United States and by 42 USC Section 1983 barring illegal arrests.

In arresting Bryant, choking him, pulling him down by the neck, threatening him, using excessive force on him, improperly cuffing him, improperly transporting him, and incarcerating him, the City and its police officers involved knew or should have known that they were violating these constitutional rights as set forth in the preceding paragraphs. Defendant, City of Waveland, failed to train, discipline and supervise its police officers adequately. Said failure resulted in the violation of Bryant's constitutional rights. Defendant City of Waveland, has the ministerial, non-delegable duty to insure that its City police department is operated in a fashion that protects the constitutional rights of people within its jurisdiction, and it has failed in performing that duty in this instance. Bryant sustained injuries and damages as a direct result of the actions of the City of Waveland and its police officers, as will be more fully shown at the trial of this civil action.

Defendants are guilty of wrongful or false arrest, false imprisonment, assault and battery, malicious prosecution and an abuse of legal process, together with intentional infliction of emotional stress. Defendant City of Waveland and its police officers involved failed to exercise due care and failed to analyze properly the facts clearly known to them and, by doing so, violated Bryant's rights at Common law and rights under the Mississippi Constitution through their wrongful arrest, false imprisonment and abuse of legal process without justification and for no proper purpose. Bryant sustained injuries to his back, neck and arms in addition to mental anguish, past and future, and damages, medical bills, veterinary bills, etc., in an amount in excess of $350,000.00, plus punitive damages, as a direct result of the actions of the City of Waveland and its police officers.

Sincerely,

GRADY EARL BRYANT, Sr.

By and Through His Attorneys,

BOYCE HOLLEMAN & ASSOCIATES

By: _____
Tim C. Holleman

cc: Grady Earl Bryant, Sr.

**Receipt 1** (7005 0390 0002 7570 7943)

U.S. Postal Service
CERTIFIED MAIL₊ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark Here

Sent To: Comm. Stephen B Simpson
Street, Apt. No.; or PO Box No. MS Dept of Public Safety
City, State, ZIP+4 PO Box 958 Jackson MS 39205-0958
PS Form 3800, June 2002

**Receipt 2** (7005 0390 0002 7570 9046)

U.S. Postal Service
CERTIFIED MAIL₊ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark Here

Sent To: Jimmy A Varnell, Chief of Police
Street, Apt. No.; or PO Box No. City of Waveland
City, State, ZIP+4 628 Hwy 90   Waveland MS 39576
PS Form 3800, June 2002

**Receipt 3** (7005 0390 0002 7570 7924)

U.S. Postal Service
CERTIFIED MAIL₊ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark Here

Sent To: City Clerk, City of Waveland
Street, Apt. No.; or PO Box No. 407 Hwy 90
City, State, ZIP+4 Waveland MS 39576
PS Form 3800, June 2002

**Receipt 4** (7005 0390 0002 7570 7931)

U.S. Postal Service
CERTIFIED MAIL₊ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark Here

Sent To: Mayor John Longo, City of Wavelan
Street, Apt. No.; or PO Box No. 407 Hwy 90
City, State, ZIP+4 Waveland MS 39576
PS Form 3800, June 2002

**Receipt 5** (7005 0390 0002 7570 7912)

U.S. Postal Service
CERTIFIED MAIL₊ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| | |
|---|---|
| Postage | $ .42 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark Here

Sent To: Marshall Fisher, Director
Street, Apt. No.; or PO Box No. MS Bureau of Narcotics
City, State, ZIP+4 1060 I-55 South Frontage Rd
Jackson MS 39213
PS Form 3800, June 2002

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

GRADY EARL BRYANT, SR., INDIVIDUALLY
AND ON BEHALF OF HIS MINOR
DAUGHTER, E.B.                                                    **PLAINTIFFS**

VS.                                                    **CIVIL ACTION NO. 10-0129**

CITY OF WAVELAND, JAMES A. VARNELL,
JOHN SALTERELLI, EDDIE BESSE, ERIC
LOVELESS, MIKE PRENDERGAST,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS POLICE OFFICERS WITH
THE CITY OF WAVELAND AND JOHN DOES
A-Z                                                    **DEFENDANTS**

### NOTICE OF FILING NOTICE OF REMOVAL

TO:   Tim C. Holleman, Esq.
      BOYCE HOLLEMAN & ASSOCIATES
      1720 23rd Avenue, Boyce Holleman Blvd.
      Gulfport MS 39501

Defendants City of Waveland, James A Varnell, John Salterelli, Eddie Besse, Eric Loveless and Mike Prendergast, (collectively referred to as "Defendants"), hereby give notice that on March 19, 2010, a Notice of Removal of this action was filed in the United States District Court for the Southern District of Mississippi, Southern Division. A true and correct copy of the Notice of Removal is attached hereto as *"Exhibit A."*



EXHIBIT

B

THIS the 19th day of March, 2010.

Respectfully submitted,

BY: _____

Gary E. Friedman, MB #5532
PHELPS DUNBAR LLP
111 East Capitol Street • Suite 600
Jackson, Mississippi  39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: friedmag@phelps.com
**Attorneys for Defendants**
**CITY OF WAVELAND, JAMES A.**
**VARNELL, JOHN SALTERELLI, EDDIE**
**BESSE, ERIC LOVELESS AND MIKE**
**PRENDERGAST**

## CERTIFICATE OF SERVICE

I, GARY E. FRIEDMAN, do hereby certify that I have this date delivered via United

States mail a true and correct copy of this *Notice of Filing Notice of Removal* to the following:

Tim C. Holleman, Esquire
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Avenue, Boyce Holleman Blvd.
Gulfport, MS 39501
(228) 863-3142
tim@boyceholleman.com

***ATTORNEY FOR PLAINTIFF***

This the 19th day of March, 2010.


                                              _____

                                              GARY E. FRIEDMAN

PD.3954715.1