**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

GRADY EARL BRYANT, SR., INDIVIDUALLY
AND ON BEHALF OF HIS MINOR DAUGHTER,
E.B.                                                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO.: 1:10-cv-120-LG-RHW

CITY OF WAVELAND, JAMES A. VARNELL,
JOHN SALTERELLI, EDDIE BESSE, ERIC
LOVELESS, MIKE PRENDERGAST,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS POLICE OFFICERS WITH THE
CITY OF WAVELAND AND JOHN DOES A-Z                                      DEFENDANTS

## MUNICIPAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW the Defendants, the City of Waveland, Mississippi; James A. Varnell; John Salterelli, Eddie Besse, Eric Loveless, and Mike Prendergast (hereinafter, the "Municipal Defendants") and respond to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Municipal Defendants plead all applicable statutes of limitations.

### THIRD DEFENSE

Municipal Defendants sued in their individual capacities are entitled to qualified immunity.

### FOURTH DEFENSE

The alleged injuries to Plaintiff were not caused by a policy or custom of the City of Waveland, Mississippi.  Accordingly, there is no municipal liability under federal law.

**FIFTH DEFENSE**

Punitive damages cannot be assessed against the City of Waveland, Mississippi.

**SIXTH DEFENSE**

Although Municipal Defendants deny that Plaintiff is entitled to punitive damages, they affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 28 of the Mississippi Constitution.

**FACTUAL ALLEGATIONS**

Without waiving any of the foregoing affirmative defenses, the Municipal Defendants respond to the specific allegations of the Complaint as follows:

1.      The Municipal Defendants admit that this Court has subject matter jurisdiction over the claims raised in this action.  The Municipal Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.       The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 2 of the Complaint, and accordingly deny the same.

3.      The Municipal Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      The Municipal Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint.  The Municipal Defendants deny that James Varnell may be served with process at 628 Highway 90, Waveland, Mississippi, as the correct address of the Waveland Police Department is 407 Highway 90, Suite O, Waveland, Mississippi.  The Municipal Defendants admit the remaining allegations in Paragraph 4 of the Complaint.

5.      The Municipal Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint.  The Municipal Defendants deny that Mike Prendergast may be served with

process at 628 Highway 90, Waveland, Mississippi, as the correct address of the Waveland Police Department is 407 Highway 90, Suite O, Waveland, Mississippi.  The Municipal Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

6.     The Municipal Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint.  The Municipal Defendants deny that Eric Loveless may be served with process at 628 Highway 90, Waveland, Mississippi, as the correct address of the Waveland Police Department is 407 Highway 90, Suite O, Waveland, Mississippi.  The Municipal Defendants admit the remaining allegations in Paragraph 6 of the Complaint.

7.     The Municipal Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint.  The Municipal Defendants deny that Eddie Besse may be served with process at 628 Highway 90, Waveland, Mississippi, as he is no longer employed with the Waveland Police Department.

8.     The Municipal Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint.  The Municipal Defendants deny that John Salterelli may be served with process at 628 Highway 90, Waveland, Mississippi, as the correct address of the Waveland Police Department is 407 Highway 90, Suite O, Waveland, Mississippi.  The Municipal Defendants admit the remaining allegations in Paragraph 8 of the Complaint.

9.     The Municipal Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 10 of the Complaint, and accordingly deny the same.

11.     The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 11 of the Complaint, and accordingly deny the same.

12.     The Municipal Defendants admit that officers of the Waveland Police Department travelled to a lot on which 17176 Gardenia Street is located.  The Municipal Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     The Municipal Defendants admit that 17176 Gardenia Street is not located within the corporate limits of the City of Waveland.  The Municipal Defendants are without sufficient information to form a belief as to the remaining factual allegations in Paragraph 13 of the Complaint, and accordingly deny the same.

14.     The Municipal Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     The Municipal Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     The Municipal Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     The Municipal Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     The Municipal Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     The Municipal Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     The Municipal Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     The Municipal Defendants deny the allegations in Paragraph 21 of the Complaint.

22.      The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 22 of the Complaint, and accordingly deny the same.

23.     The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 23 of the Complaint, and accordingly deny the same.

24.     The Municipal Defendants are without sufficient information to form a belief as to the factual allegations in Paragraph 24 of the Complaint, and accordingly deny the same.

PD.3980014.1

25.    The Municipal Defendants admit that an officer of the Waveland Police Department instructed Bryant to step outside the door.  The Municipal Defendants deny the remaining factual allegations in Paragraph 25 of the Complaint.

26.    The Municipal Defendants admit that Bryant stepped outside the door.  The Municipal Defendants deny the remaining factual allegations in Paragraph 26 of the Complaint.

27.    The Municipal Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    The Municipal Defendants deny the allegations in Paragraph 28 of the Complaint.

29.    The Municipal Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    The Municipal Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    The Municipal Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    The Municipal Defendants deny the allegations in Paragraph 32 of the Complaint.

33.    The Municipal Defendants deny the allegations in Paragraph 33 of the Complaint.

## COUNT I

34.    Municipal Defendants incorporate by reference and re-allege the admissions, denials, and statements contained in Paragraphs 1 through 33 of this Answer as though fully set forth herein in response to Count I of the Complaint.

35.    The Municipal Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    The Municipal Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    The Municipal Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    The Municipal Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    The Municipal Defendants deny the allegations in Paragraph 39 of the Complaint.

40.    The Municipal Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    The Municipal Defendants deny the allegations in Paragraph 41 of the Complaint.

PD.3980014.1

**COUNT II**

42.     Municipal Defendants incorporate by reference and re-allege the admissions, denials, and statements contained in Paragraphs 1 through 41 of this Answer as though fully set forth herein in response to Count II of the Complaint.

43.     The Municipal Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The Municipal Defendants deny the allegations in Paragraph 44 of the Complaint.

**COUNT III**

45.     Municipal Defendants incorporate by reference and re-allege the admissions, denials, and statements contained in Paragraphs 1 through 44 of this Answer as though fully set forth herein in response to Count III of the Complaint.

46.     The Municipal Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     The Municipal Defendants admit that the document attached as Exhibit A to the Complaint was delivered to the City of Waveland on or about March 6, 2009.  The Municipal Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.     The Municipal Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     The Municipal Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     The Municipal Defendants deny the allegations in Paragraph 50 of the Complaint.

**LIABILITY OF INDIVIDUAL DEFENDANTS**

51.     Municipal Defendants incorporate by reference and re-allege the admissions, denials, and statements contained in Paragraphs 1 through 44 of this Answer as though fully set forth herein.

52.     The Municipal Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     The Municipal Defendants deny the allegations in Paragraph 53 of the Complaint.

PD.3980014.1

## DAMAGES

54.    The Municipal Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    The Municipal Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    The Municipal Defendants deny the allegations in Paragraph 56 of the Complaint, and deny that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, Municipal Defendants deny that Plaintiff is entitled to any relief whatsoever, and demand that the Plaintiff's Complaint be dismissed with all costs taxed to Plaintiff.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/ W. Brett Harvey*

Gary E. Friedman, MB #5532
W. Brett Harvey, MB # 102440
111 East Capitol Street • Suite 600
Jackson, Mississippi  39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: friedmag@phelps.com
**ATTORNEYS FOR DEFENDANTS
CITY OF WAVELAND, JAMES A.
VARNELL, JOHN SALTERELLI, EDDIE
BESSE, ERIC LOVELESS, MIKE
PRENDERGAST**

PD.3980014.1

<u>**CERTIFICATE OF SERVICE**</u>

I, W. BRETT HARVEY, do hereby certify that I have this day filed the foregoing

*ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF

system which sent notification of such filing to the following:

> Tim C. Holleman, Esquire
> BOYCE HOLLEMAN & ASSOCIATES
> 1720 23rd Avenue, Boyce Holleman Blvd
> Boyce Holleman Blvd.
> Gulfport MS 39501
> Telephone: (228) 863-3142
> Facsimile:  (228) 863-9829
> Email:  tim@boyceholleman.com

***ATTORNEY FOR PLAINTIFF***

THIS, the 22nd day of April, 2010.


/s/ W. Brett Harvey_____
W. BRETT HARVEY

PD.3980014.1